UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
DEBORAH LAUFER, individually,        :
                                     :
            Plaintiff,               :
                                     :    3:20-cv-01438 (KAD)
     v.                              :
                                     :    **DEFENDANT'S MEMORANDUM**
HARBOR HILL MARINA INC, A            :    **OF LAW IN SUPPORT OF**
Domestic Corporation D/B/A INN AT    :    **MOTION TO DISMISS**
HARBOR HILL MARINA,                  :
                                     :
            Defendant.               :
---------------------------------------------------X

## INTRODUCTION

This Memorandum of Law is submitted by Defendant, Harbor Hill Marina Inc. d/b/a Inn at Harbor Hill Marina, ("Harbor Hill") in support of its Motion to Dismiss based on lack of standing.

## STATEMENT OF UNDISPUTED FACTS

Defendant owns and operates the Inn at Harbor Hill Marina. For purposes of this Motion, it is undisputed it "is required to ensure that it's [sic] place of lodging is in compliance with the standards applicable to places of public accommodation," including 28 C.F.R. § 36.302(e)(1). (Compl. ¶¶ 3, 6–7.) *See Complaint attached as Exhibit "A".*

Plaintiff's cookie-cutter complaint alleging violations of the Americans with Disabilities Act by Defendant is not very different than her many other complaints against randomly-selected hospitality businesses across the nation. *See, e.g., Laufer v. Laxmi & Sons, LLC*, No. 119CV01501BKSML, 2020 WL 2200207, at *4 n.5 (N.D.N.Y. May 6,

2020) (noting that Plaintiff "has twenty-nine other actions pending before this Court which appear to be similar lawsuits against places of lodging in the Northern District of New York"). Plaintiff alleges she "is an advocate of the rights of similarly situated disabled persons and is a 'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." (ECF #1, at 2, Compl. ¶ 2.)

Plaintiff alleges as follows: She visited Defendant's reservation websites to see "whether they meet the requirements of 28 C.F.R. Section 36.302(e)." (Compl. ¶ 10.) "However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e)." (Compl. ¶ 10.) Plaintiff intends to revisit Defendant's websites again to "test [them] for compliance with 28 C.F.R. Section 302.302(e)." (Compl. ¶ 11.) "By maintaining a websites [sic] with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public." (Compl. ¶ 13.) Plaintiff lives in Florida but "intends to travel throughout the entire State as soon as the Covid crisis is over." (Compl. ¶¶ 1, 13.) Thus, "Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to [sic] to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remains [sic] in compliance." (Compl. ¶ 14.) Plaintiff seeks attorney's fees, declaratory judgment, and injunctive relief. (Compl. ¶¶ 19–20.)

Defendant now moves to dismiss under Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing.

# ARGUMENT

Under Fed. R. Civ. P. 12(b)(1), a defendant may raise the defense of lack of subject-matter jurisdiction by motion. "Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.' To ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper parties to bring suit." *Sonterra Capital Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533–34 (2d Cir. 2020) (internal quotation marks omitted) (citation omitted). To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (cleaned up).

Here, Plaintiff's allegations do not satisfy the injury-in-fact requirement. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract." *Id.* Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement. *Id.* at 1549–50.

Plaintiff alleges she is unable to police Defendants' websites for ADA compliance because the websites are not ADA compliant. (Compl. ¶ 10.) Plaintiff alleges she intends

3

to revisit Defendants' websites again to check for ADA compliance in the future.  (Compl. ¶¶ 10–11.)  But Plaintiff does not allege Defendant's websites interfered with a real, actual, concrete trip to Niantic, where the Inn at Harbor Hill is located.  *See Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (finding the plaintiff's "assertion that he visits public accommodations as an ADA 'tester' " failed to establish standing as it lacked "the requisite link to Stamford, Connecticut"—the location of the defendant's Hampton Inn).  Plaintiff's failure to link web surfing to reality is fatal to standing.

Plaintiff's mere "someday" plans to visit Connecticut add nothing to the analysis.  To begin, she never pleads that her future Connecticut travel includes a visit to Niantic, or even New London County.  Instead, she makes the generalized assertion that she "intends to travel throughout the entire State."  (Compl. ¶ 13.)  Moreover, Plaintiff conditions her general Connecticut tour on the end of the "Covid crisis"—confirming that any harm posed by Defendant's websites is hardly imminent, as is required.  *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (real, immediate threat of repeated injury necessary for injunctive relief).   Finally, even taking the most optimistic view of how quickly the pandemic will end, Plaintiff committed herself before other judges to travel in other states.  *See, e.g.*, *Laufer v. Mann Hosp.*, LLC, No. A-20-CV-00620-JRN, 2020 WL 6018945, at *5 n.4 (W.D. Tex. Sept. 30, 2020) ("Plaintiff claims she intends to 'visit Texas' when the coronavirus crisis abates.");  *Laufer v. U.L.S.T., LLC*, No. 20 C 3527, 2020 WL 6487199, at *2 (N.D. Ill. Nov. 4, 2020) ("Laufer avers in that declaration that she in fact has plans to visit the Johnsburg [Illinois] area.").  Plaintiff can't be in two places at once.

Because Plaintiff fails to tie her internet browsing in Florida to any actual, upcoming trip to Niantic, because no travel is forthcoming until the Covid era is over, and because Plaintiff told other judges that her post-pandemic travel includes other states, the alleged injury caused by Defendant's website is not particularized or concrete. Plaintiff's complaint should be dismissed for lack of standing.

## **CONCLUSION**

For the reasons set forth above, Harbor Hill respectfully requests that its Motion to Dismiss be granted.

November 9, 2020
Westport, Connecticut

                                      Defendant,
                                      HARBOR HILL MARINA INC,
                                      d/b/a INN AT HARBOR HILL MARINA,

*/s/ Charles E. Murphy*

_____
Charles E. Murphy, Esq. (D.Conn.18784)
LENNON, MURPHY & PHILLIPS, LLC
1599 Post Road East
Westport, CT 06880
(203) 256-8600-phone
cem@lmplaw.net

5

**CERTIFICATION OF SERVICE**

This is to certify that on this 9th day of November 2020, Defendant's Memorandum of Law in Support of Motion to Dismiss was served via the Court's CM/ECF system on counsel of record for the Plaintiff and via U.S. Mail to the following address:

L. Kay Wilson, Esq.
Wilson Law
2842 Main Street, #332
Glastonbury, CT 06033

_____
Charles E. Murphy, Esq. (D.Conn.18784)
LENNON, MURPHY & PHILLIPS, LLC
1599 Post Road East
Westport, CT 06880
(203) 256-8600-phone
cem@lmplaw.net